**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| George A. Williams, | ) | Civil Action No.: 1:18-cv-02723-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Joseph E. O'Conor; Bryan Griswold; | ) | |
| John Doe 1; John Doe 2; the City of | ) | |
| Aiken, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

Plaintiff George A. Williams ("Plaintiff") filed this civil rights action against Defendants Joseph E. O'Conor ("O'Conor"), Bryan Griswold ("Griswold"), John Doe 1, John Doe 2, and the City of Aiken (collectively, "Defendants"), asserting federal claims for illegal search and seizure, excessive force, lack of due process, deliberate indifference, and violation of bodily integrity as well as state law claims for negligence and battery. (ECF No.1-1.)

This matter is before the court on Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 39.) On January 30, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court grant Defendants' Motion for Summary Judgment as to Plaintiff's federal claims and remand Plaintiff's state law claims to the Aiken County Court of Common Pleas. (ECF No. 54 at 10.) Defendants filed an Objection to the Magistrate Judge's Report on February 6, 2020. (ECF No. 55.) For the reasons stated herein, the court **ACCEPTS** the Report, **GRANTS** Defendants' Motion for Summary

---

[1] Defendants South Carolina Department of Public Safety, Aiken Department of Public Safety, Charles Barrano, Leroy Smith, and Jane Doe were originally named in the Complaint but have since been dismissed. (ECF Nos. 16, 44.)

Judgment (ECF No. 39) and Supplemental Motion for Summary Judgment (ECF No. 50)[2] as to Plaintiff's federal claims, and **REMANDS** Plaintiff's remaining state law claims to the Aiken County Court of Common Pleas for further proceedings.

## I.    RELEVANT BACKGROUND TO PENDING MOTION

After a careful review of the record, the court concludes that the Magistrate Judge's factual summation is accurate and incorporates it herein by reference. (*See* ECF No. 54 at 1-3.) The court will only reference additional facts that are pertinent to the analysis of Plaintiff's claims. Such facts will be viewed in the light most favorable to Plaintiff. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) ("in evaluating a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party").

On August 19, 2016, Officers Griswold and O'Conor of the City of Aiken Police Department arrested Plaintiff for driving under the influence. (ECF No. 39-3 at 3.) The charges were later dismissed by the solicitor, but Plaintiff filed an action against Defendants in the Court of Common Pleas for Aiken County on August 20, 2018, alleging that the arrest was improper. (ECF Nos. 39-2 at 16, 1-1.) Specifically, Plaintiff asserted federal claims for illegal search and seizure, excessive force, lack of due process, deliberate indifference, and violation of bodily integrity and state law claims for negligence and battery. (ECF No. 1-1.) In addition to listing the City of Aiken and Officers Griswold and O'Conor as defendants, Plaintiff included John Doe 1 and John Doe 2 as defendants, claiming they were bystanders complicit in his arrest. (*Id*. at 9 ¶ 33-35, 18 ¶ 83.)

---

[2] The court acknowledges that the Magistrate Judge did not explicitly rule on the Defendants' Supplemental Motion for Summary Judgment (ECF No. 50). However, the court observes that the Supplemental Motion for Summary Judgment was filed in response to a request by the Magistrate Judge for the Defendants "to supplement their motion for summary judgment to address all of the other causes of action raised by Plaintiff in the Complaint" and was duly considered in the Magistrate Judge's Report. (ECF Nos. 48, 54 at 1.)

Defendants removed the case to this court on October 5, 2018 and filed a Motion for Summary Judgment on October 17, 2019.  (ECF Nos. 1, 39.)  Plaintiff then filed his Opposition to the Motion for Summary Judgment (ECF No. 43) on October 31, 2019 and Defendants responded with a Reply (ECF No. 46).  On December 31, 2019, Defendants supplemented their Motion for Summary Judgment to address all of Plaintiff's claims.  (ECF No. 50.)  Plaintiff subsequently filed a Supplemental Response, conceding that the record does not support his claims for excessive force and violation of bodily integrity.  (ECF No. 52.)  As a result, the Magistrate Judge did not consider Plaintiff's claims for excessive force and violation of bodily integrity in the Report.  (ECF No. 54 at 3 n.1.)

In the Report, the Magistrate Judge recommended that the court grant Defendants' Motion for Summary Judgment as to Plaintiff's remaining federal claims and remand Plaintiff's state law claims.  (ECF No. 54 at 10.)  Plaintiff did not object to the Report.  However, Defendants filed a timely Objection to the Magistrate Judge's Report on February 6, 2020, asserting that the court should exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them with prejudice.  (ECF No. 55.)  The court considers the merit of Defendants' Objection below.

## II.    JURISDICTION

This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States.  Plaintiff  alleges violations of his Fourth Amendment rights under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws."

## III.    LEGAL STANDARDS

3

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The responsibility to make a final determination remains with this court.  *Id.* at 271.  The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

B.     Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party.  *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *See Perini*, 915 F.2d at 124.  The non-moving party may not oppose a motion for summary judgment with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial.  Fed. R. Civ. P. 56; *see e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 256.  All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968).

## IV.     ANALYSIS

### A.  Plaintiff's Federal Claims

Neither Plaintiff nor Defendants object to the Magistrate Judge's recommendation to grant Defendants' Motion for Summary Judgment (ECF No. 39) as to Plaintiff's federal claims.  (*See* ECF No. 55.)   After a thorough review of the record and the Report, the court accepts the Magistrate Judge's recommendation and grants Defendants' Motion for Summary Judgment (ECF No. 39) and Supplemental Motion for Summary Judgment (ECF No. 50) as to Plaintiff's federal claims.

First, the court agrees that Plaintiff's illegal search and seizure claim fails as a matter of law because the officers had reasonable suspicion to initiate a traffic stop and probable cause to arrest Plaintiff for driving under the influence.  (ECF No. 54 at 4.)  Officers O'Conor and Griswold had a reasonable suspicion that Plaintiff was driving under the influence because the officers observed multiple instances of Plaintiff's vehicle drifting and swerving in the early morning hours.  (ECF No. 39-3 at 2.)  The officers also had probable cause to arrest Plaintiff for driving under the influence because Plaintiff's erratic driving, the smell of alcohol in Plaintiff's vehicle, Plaintiff's

admission that he had just left a bar where he consumed two beers, and Plaintiff's failed field sobriety test were sufficient to provide them with a reasonable belief that Plaintiff was driving under the influence.  (*Id.* at 1-3.)

Second, the court agrees that Plaintiff's deliberate indifference claim fails as a matter of law. (ECF No. 54 at 8.)  The Magistrate Judge and Defendants construed Plaintiff's deliberate indifference claim as a claim for municipal liability requiring an underlying constitutional violation.  *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  Since Plaintiff's illegal search and seizure claim fails as a matter of law, his theory of municipal liability is unsupported by the requisite underlying constitutional violation.  In addition, Plaintiff's bare assertion that Griswold failed to adequately train O'Conor to perform one aspect of one field sobriety test is insufficient to prove that the City of Aiken has a policy or custom that caused an illegal search or seizure.  *See Spell v. McDaniel*, 824 F.2d 1380, 1386 (4th Cir. 1987) (providing that municipal liability will not attach unless the custom or usage is a "persistent and widespread" practice of municipal officials "so permanent and well-settled as to have the force of the law") (citing *Monell*, 436 U.S. at 691).

Finally, the court agrees that Plaintiff's due process claim fails as a matter of law because Plaintiff failed to provide any evidence that he was denied due process.  (ECF No. 54 at 9.) Plaintiff claims that his due process rights were violated because Defendants withheld a video from the defense until Plaintiff's charges were dismissed.  (ECF No. 52 at 1-2.)  However, the fact that Plaintiff's charges were dismissed shows that the non-disclosure of the video did not impact his right to a fair trial.  *See Safar v. Tingle*, 859 F.3d 241, 245 (concluding that a police officer who withholds exculpatory information does not violate the Fourteenth Amendment unless the officer's failure to disclose deprived the plaintiff of the "right to a fair trial").

B.  Plaintiff's State Law Claims

As a result of the dismissal of Plaintiff's federal claims, the only claims remaining in the case are Plaintiff's state law claims.  Since Plaintiff's claims for negligence and battery arise under South Carolina law, they do not qualify for federal question jurisdiction under 28 U.S.C. § 1331. Additionally, Plaintiff's state law claims do not qualify for diversity jurisdiction under 28 U.S.C. § 1332.  The complete diversity requirement of § 1332 is satisfied because Plaintiff was a citizen of Florida at the time the complaint was filed and Defendants are South Carolina citizens and agencies.  (ECF No. 1-1 at 3-4); *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) (explaining that federal diversity jurisdiction depends on the citizenship of the parties at the time suit is filed).  However, a civil action cannot be removed based on diversity jurisdiction by a defendant who is a citizen of the state in which the action is brought under 28 U.S.C. § 1441. Therefore, Defendants would not be able to remove the case based on diversity jurisdiction because they are citizens of South Carolina and the case was originally filed in a South Carolina state court. (ECF No. 1-1 at 3-4.)  Since Plaintiff's state claims do not qualify for federal question or diversity jurisdiction, the court will only retain jurisdiction over the state law claims if it chooses to exercise supplemental jurisdiction over them.

Defendants contend that the court should exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss them with prejudice.  (ECF No. 55 at 3.)  A federal district court has supplemental jurisdiction over state claims that are "so related" to claims under the court's original jurisdiction "that they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a). However, a district court is not obligated to exercise its supplemental jurisdiction.  Under 28 U.S.C. § 1367(c)(3), a district court can decline to exercise jurisdiction over a supplemental claim if it has dismissed all claims over which it had original jurisdiction.  Consequently, when a district court

dismisses every claim over which it had original jurisdiction, it can address the remaining pendent state law claims in three ways. The court can (1) "dismiss the pendent state-law claims without prejudice"; (2) "remand the state-law claims to the state court"; or (3) "decide the merits of the state-law claims." *Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 316-17 (4th Cir. 2001).

A district court has broad discretion in deciding whether to dismiss, remand, or retain a case after relinquishing all claims over which it had original jurisdiction. *See, e.g.*, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right"). In determining whether to retain, remand, or dismiss pendent state law claims, a district court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350.

Upon consideration of the record, the court observes that there are both reasons to exercise supplemental jurisdiction and reasons to decline to exercise supplemental jurisdiction over Plaintiff's state law claims for negligence and battery. As for reasons to exercise supplemental jurisdiction, the court observes that retaining jurisdiction over the state law claims would promote judicial economy. Remanding the state law claims would require another court to familiarize itself with the facts of this case, consuming judicial resources and delaying the ultimate resolution of this action.

However, the factors of convenience, fairness, and comity weigh in favor of remanding the state law claims. The Aiken County Court of Common Pleas is both a convenient and fair forum

for the state law claims because Plaintiff elected to file suit in South Carolina state court and Defendants are South Carolina citizens. (ECF No. 1-1 at 3-6.) Considerations of comity also support remand. South Carolina has a strong interest in deciding the state law issues that remain. The state law claims also have no connection to federal interests or policies. As Defendants admit, adjudication of the state law claims will require "straightforward application" of state case law. (ECF No. 55 at 4.) Finally, if summary judgment were to be denied on the state law claims, it would be more appropriate for a state court to try them. Accordingly, the court remands Plaintiff's remaining state law claims.

## V.    CONCLUSION

After a thorough review of the issues in this case and the Report, the court finds that the Report provides an accurate summary of the facts and law. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 54). Therefore, the court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 39) and Supplemental Motion for Summary Judgment (ECF No. 50) as to Plaintiff's federal claims for illegal search and seizure, due process, and deliberate indifference. The court **OVERRULES** Defendants' Objections (ECF No. 55) and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims for negligence and battery. Thus, the court **REMANDS** Plaintiff's remaining state law claims to the Aiken County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 12, 2020
Columbia, South Carolina