**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| George A. Williams, | ) | Civil Action No.: 1:18-cv-02723-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph E. O'Conor; Bryan Griswold; | ) | |
| John Doe 1; John Doe 2; the City of | ) | |
| Aiken, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

Plaintiff George A. Williams ("Plaintiff") filed this civil rights action against Defendants Joseph E. O'Conor ("O'Conor"), Bryan Griswold ("Griswold"), John Doe 1, John Doe 2, and the City of Aiken (collectively, "Defendants"), asserting federal claims for illegal search and seizure, excessive force, lack of due process, deliberate indifference, and violation of bodily integrity as well as state law claims for negligence and battery. (ECF No. 1-1.) On August 12, 2020, the court entered an Order that expressly granted the Motion for Summary Judgment of Defendants O'Conor, Griswold, and the City of Aiken and remanded the remaining state law claims against these Defendants to the Aiken County Court of Common Pleas. (*See* ECF No. 58.) In issuing the aforementioned Order, the court failed to consider the merits of claims alleged against John Doe 1 and John Doe 2 (the "John Doe Defendants").

Upon its review, the court observes that Plaintiff has not identified or served the John Doe Defendants. (*See* ECF Nos. 1 at 1 n.1, 4 at 1 n.1.) Federal Rule of Civil Procedure 4(m) provides that if a defendant is not properly served within ninety days of the complaint being filed, the court

---

[1] Defendants South Carolina Department of Public Safety, Aiken Department of Public Safety, Charles Barrano, Leroy Smith, and Jane Doe were originally named in the Complaint but have since been dismissed. (ECF Nos. 16, 44.)

"must dismiss the action without prejudice against that defendant or order that service be made within a specified time" on motion or on its own after notice.  Local Civil Rule 4.01 (D.S.C.) further requires that if a party is not served "within 120 days after the pleading is filed, the party filing the pleading shall, within the same period, file a status report advising the court of the identity of the party not served and why service has not been effected."  The Fourth Circuit has recognized "the right of the district court to manage its docket and the danger of permitting suits with unnamed parties to remain on the docket unprosecuted."  *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982).  Thus, if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, a court can dismiss the action without prejudice.  *Id.*

Plaintiff has had notice regarding his failure to serve the John Doe Defendants since Defendants removed the case to this court in October 2018.  (*See* ECF No. 1 at 1 n.1 ("These Defendants are informed and believe that the Plaintiff has yet to identify or serve the individuals listed at [sic] Defendants John Doe 1 and John Doe 2 at the present time.").)  At that time, Plaintiff did not make any attempt to either demonstrate that he had served the John Doe Defendants or request an extension of time to do so.  Since then, Plaintiff has neither identified the John Doe Defendants nor made a motion to compel discovery regarding their identities.  Moreover, Plaintiff did not file a status report informing the court of the John Doe Defendants' identities and service within 120 days of filing his Complaint (ECF No. 1-1) as required by Local Civil Rule 4.01 (D.S.C.).

Therefore, based on the requirements of Rule 4(m) of the Federal Rules of Civil Procedure and Local Civil Rule 4.01 (D.S.C.), the court **DISMISSES** the action against Defendants John Doe 1 and John Doe 2 without prejudice.

**IT IS SO ORDERED.**

United States District Judge

August 19, 2020
Columbia, South Carolina